# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ROBERT L. PEACHER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 3:16-CV-701-TLS |
| GEORGE PAYNE and MARK SEVIER, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Robert L. Peacher, a prisoner proceeding pro se, filed a Complaint alleging that he has been psychologically unable to eat the food served to him by prison officials since June 23, 2016, when he was transferred to the Westville Correctional Facility. He alleges that he can only eat food that is served in a factory sealed container because he is afraid that guards might have poisoned food prepared in the prison. He alleges that he is not receiving mental health treatment for this disorder and is starving. He states that all he has eaten for the past five months are the powdered milk packets served with some meals and commissary food he has acquired from other inmates. He denies that he is on a hunger strike or that he is voluntarily starving himself in an attempt to manipulate officials to transfer him to a different prison. He alleges that because of his mental illness, he is sincerely unable to eat the food they are providing. He is seeking both monetary damages and injunctive relief.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such

relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Because the Complaint alleges that the Defendants know that he is sincerely unable to eat because of his mental illness, it states a claim. The Complaint also states a claim for a denial of medical treatment because it alleges that the Defendants have actual knowledge that his mental illness prevents him from eating and that he is not receiving psychiatric treatment. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (In medical cases, the Eighth Amendment is violated when a defendant is deliberately indifferent to an inmate's serious medical needs.) "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). However, "[a] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)).

In addition to monetary damages for past Constitutional violations, Peacher is also asking for a permanent injunction preventing him from being housed in the Westville Correctional

Facility or any other prison where guards control or serve food. He wants to be transferred to the Mental Health Unit at either the New Castle or Pendleton Correctional Facilities.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Moreover, prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The specific requests made by Preacher go well beyond what the PLRA permits. Nevertheless, he may be able to demonstrate that he is entitled to a narrowly tailored injunction limited to requiring that he receive food and medical care as required by the Eighth Amendment.

Finally, Peacher asks that the court enter an emergency injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Obtaining a temporary restraining order without prior notice to the adverse party requires the movant to satisfy an even higher standard, by showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Peacher alleges that he has not eaten the prison's food for the last five months. It is impossible to survive that long without eating. He is clearly eating enough to survive. Almost none of the exhibits he has attached shed light on what has happened since he arrived at the Westville Correctional Facility – many questions remain. Therefore injunctive relief will be narrowly tailored to require the Defendants to promptly provide additional information. The Court needs to know what medical treatment Peacher has received since June 23, 2016. This information needs to be provided as a narrative summary in an affidavit (or declaration). The Court does not need medical records at this time. The summary needs to include specific information about each diagnosis that was made, treatment prescribed, and treatment delivered. It needs to include a table showing how his weight or other pertinent vital signs have changed since June 23, 2016, if this information is available. The Court also needs to know about Peacher's current physical and mental condition. Peacher needs to be examined by a psychiatrist in response to this Order. The psychiatrist needs to prepare a separate affidavit (or declaration) describing the examination and evaluating Peacher's physical and mental health. The psychiatrist is directed to provide an opinion as to whether Peacher is on a voluntary hunger strike intended to manipulate prison officials or whether he suffers from a mental illness which prevents him from eating the prison food. Either way, the psychiatrist needs to recommend a course of treatment. Additionally, these affiants (or declarants) may include any additional, relevant information necessary for the Court to consider.

For these reasons, the Court:

(1) **GRANTS** Robert L. Peacher leave to proceed against George Payne and Mark Sevier in their individual capacities for compensatory and punitive damages for denying him adequate food and medical care in violation of the Eighth Amendment;

4

(2) **GRANTS** Robert L. Peacher leave to proceed against George Payne and Mark Sevier in their official capacities for injunctive relief to obtain adequate food and medical care;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk to transmit the summons and USM-285 forms for George Payne and Mark Sevier to the United States Marshals Service along with a copy of the complaint (ECF No. 1), the motion (ECF No. 5), and this Order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect <u>PERSONAL SERVICE</u> on George Payne and Mark Sevier by November 4, 2016;

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that George Payne and Mark Sevier respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order; and

(7) **GRANTS** the Motion (ECF No. 5) only to the extent that George Payne and Mark Sevier are **ORDERED** to file and serve the two affidavits (or declarations) described in this Order by November 17, 2016.

SO ORDERED on October 27, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION