# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ROBERT L. PEACHER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:16-CV-701-TLS |
| GEORGE PAYNE, MARK SEVIER, DR. TAYLOR, AND DR. EICHMAN, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Robert L. Peacher, a prisoner proceeding pro se, filed an amended complaint [ECF No. 28], alleging that he has been psychologically unable to eat the food served to him by prison officials since June 23, 2016, when he was transferred to the Westville Correctional Facility. He alleges that he can only eat food that is served in a factory sealed container because he is afraid that guards might have poisoned food prepared in the prison. He alleges that he is not receiving mental health treatment for this disorder and is starving. He states that there is very little food that he is able to eat. He denies that he is on a hunger strike or that he is voluntarily starving himself in an attempt to manipulate officials to transfer him to a different prison. He alleges that because of his mental illness, he is sincerely unable to eat the food they are providing. He alleges that he has not been properly diagnosed or treated for his mental illness. He is seeking both monetary damages and injunctive relief.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious,

fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment is violated when a defendant is deliberately indifferent to an inmate's serious medical needs. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). However, "[a] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Here, Peacher is suing two medical and two non-medical defendants. He alleges that he has not been properly diagnosed and treated. Nevertheless, he is under the care of two physicians. Neither have diagnosed him as being unable to eat unsealed food. Neither have diagnosed him as suffering physical injury as result of his weight loss. As a result, the non-medical defendants cannot be deliberately indifferent for not feeding him a special diet merely because he demands it. Therefore the monetary damages claims against George Payne and Mark Sevier will be dismissed.

As for the two doctor defendants, "[f]or a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a

2

substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Here, Peacher clearly disagrees with his doctors and wants to be transferred to a different prison. He reports mental health symptoms to them, but they do not agree that he is unable to eat the food provided by prison officials. He wants treatment for undiagnosed mental health conditions. He has lost weight, but they have not diagnosed him with any physical injury as a result. It is unclear whether there is anything more to this case than a disagreement over how to respond to his behavioral problems in the prison. However, that is not a question that can be resolved at the pleading stage. Therefore Peacher will be allowed to proceed on a claim for compensatory and punitive damages against Dr. Taylor and Dr. Eichman.

In addition to monetary damages for past Constitutional violations, Peacher is also asking for a permanent injunction requiring that he receive mental health treatment for PTSD, panic disorders, delusion disorder, and OCD. He also wants to never be housed in the Westville or Wabash Valley Correctional Facilities.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

3

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). However, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, the specific requests made by Preacher go well beyond what the PLRA permits. Nevertheless, he may be able to demonstrate that he is entitled to a narrowly tailored injunction limited to requiring that he receive medical care as required by the Eighth Amendment.

For these reasons, the Court:

(1) **GRANTS** Robert L. Peacher leave to proceed against Dr. Taylor and Dr. Eichman in their individual capacities for compensatory and punitive damages for denying him adequate medical care in violation of the Eighth Amendment;

(2) **GRANTS** Robert L. Peacher leave to proceed against Mark Sevier in his official capacity for injunctive relief to obtain adequate medical care;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** George Payne;

(5) **DIRECTS** the Clerk to serve a copy of this Order on counsel for Mark Sevier via CM/ECF;

(6) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Dr. Taylor and Dr. Eichman with a copy of this Order and the amended complaint [ECF No. 28] as required by 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Mark Sevier, Dr. Taylor and Dr. Eichman respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 13, 2017.

                                              s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT