UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ROBERT L. PEACHER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-701-TLS |
| GEORGE PAYNE, MARK SEVIER, DR. TAYLOR, AND DR. EICHMAN, | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

Robert L. Peacher, a pro se prisoner, is proceeding in this case on two claims. First, he was granted leave to proceed for compensatory and punitive damages against Dr. Taylor and Dr. Eichman, in their individual capacities, for denying him adequate medical care at the Westville Correctional Facility, in violation of the Eighth Amendment. [ECF No. 44.] He was also granted leave to proceed against Mark Sevier, in his official capacity as Superintendent of the Westville Correctional Facility, for injunctive relief to obtain adequate medical care while housed in the prison.[1] *Id.* However, Peacher has now been transferred out of Westville to the Pendleton Correctional Facility. As a result, the Defendant Superintendent Sevier filed a Motion to Dismiss [ECF No. 53] because the injunctive relief claim is now moot.

When "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quotation marks and citations omitted). Peacher believes that he will be transferred back Westville in the future (Pl.'s Resp. to Def.'s Mot. To Dismiss Compl., ECF No. 58), but "[a]llegations of a likely retransfer

---

[1] Peacher's claim against George Payne was previously dismissed. *Id.*

may not be based on mere speculation." *Higgason*, 83 F.2d at 811. "Certainly his demand for injunctive relief became moot, since [Peacher] demanded and got a transfer with only his conjecture suggesting the possibility of being returned to [Westville] in the future." *Jones v. Butler*, 663 F. App'x 468, 470 (7th Cir. 2016) (citations omitted).

Peacher wants this Court to order that he not be returned to Westville. However, there is no indication that Superintendent Sevier has control over the decision of whether or not to return Peacher back to Westville. Therefore, Superintendent Sevier is not the proper Defendant for such a claim. More to the point, this case is not about Peacher's housing assignment—it is about his mental health treatment. Therefore even if Peacher were to be transferred back to Westville, it is speculative whether he will need continued mental health treatment after he finishes treatment at Pendleton. So too, even if he needed continued mental health treatment upon being transferred back at Westville, it is mere speculation that this treatment would not be provided. And even if Peacher alleges, upon his return to Westville, that he is not being provided the necessary mental health treatment,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Thus, as previously explained, the proper remedy would not be a transfer order, it would be an order requiring that he be provided no less than the constitutionally required mental health treatment.

## CONCLUSION

For these reasons, the Motion to Dismiss [ECF No. 53] is **GRANTED**. The claims against Mark Sevier are **DISMISSED**. This case will proceed solely on Robert L. Peacher's monetary damages claims against Dr. Taylor and Dr. Eichman, in their individual capacities.

SO ORDERED on March 31, 2017.

<pre>                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT</pre>